

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY and HEARTLAND PRODUCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 05 C 6403<br>)<br>) Judge John W. Darrah |
| ALLEN B. GLASS; NUDO WEINER ASSOCIATES, LLC; CYDNEY WEINER; LAURENCE H. WEINER; and STEVE HIGDON, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Anthony Marano Company and Heartland Produce Company, filed suit against Defendants under the Perishable Agricultural Commodities Act ("PACA") to enforce payment from a produce trust. Presently pending before the Court is Defendants' Motion to Dismiss for lack of subject-matter jurisdiction and Defendants' Motion for Partial Summary Judgment.

In reviewing a motion to dismiss for lack of subject-matter jurisdiction, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the petitioner. *See Alicea-Hernandez v. The Catholic Bishop of Chicago*, 320 F.3d 698 (7th Cir. 2003); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). If the motion to dismiss is based on denials of the truth of the allegations, however, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject-matter jurisdiction exists." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979); *see also Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993); *Amoakowaa v. Reno*, 94 F. Supp. 2d 903, 905 (N.D. Ill. 2000).

In March 2004, Anthony Marano Co. and Heartland Produce Co. filed suit against PAL Ventures, LLC d/b/a CYD & D'Pano; Peter Panagiotaros; Allen B. Glass; Nudo Weiner Associates; Cydney Weiner; Lawrence H. Weiner; Steve Higdon; and Gitaros Enterprises, Inc., a dissolved Illinois corporation d/b/a CYD & D'Pano, seeking payment for certain produce pursuant to a PACA trust (Case No. 04 C 1848). In April 2004, by agreed order, Laurence H. Weiner, Cydney Weiner, Allen B. Glass, Steve Higdon, and Nudo Weiner Associates were voluntarily dismissed without prejudice to plaintiffs to re-file claims against these defendants. In October 2005, by stipulation, a judgment order was entered by this Court in Case No. 04 C 1848. The judgment order held, in pertinent part, that plaintiffs were the beneficiaries of a PACA trust that was maintained by PAL Ventures in the aggregate amounts of $195,259.89 and $2,938.60 and that PAL Ventures and Panagiotaros breached their fiduciary obligations under the trust. Plaintiffs' claims against PAL Ventures, Panagiotaros, and Gitaros Enterprises were granted; and judgment was entered in the amount of $315,844.17, that amount representing (1) $195,257.89 in trust principle, (2) $92,530.14 in prejudgment interest, and (3) $28,056.14 in attorney fees. Judgment was also entered against PAL Ventures, Panagiotaros, and Gitaros Enterprises in the amount of $2,938.60.

In November 2005, Plaintiffs filed the instant suit against Allen B. Glass, Nudo Weiner Associates, Cydney Weiner, Lawrence H. Weiner, and Steve Higdon, seeking to enforce payment from a produce trust against Defendants for unlawful dissipation of trust assets and failure to pay trust funds. In March 2006, the instant case was transferred to this Court. Plaintiffs' Complaint

relies upon facts established by the judgment in Case No. 04 C 1848. Specifically, Plaintiffs allege that the Defendants are individually secondarily liable for the breach of the PACA trust because each occupied a position to control the assets of the PACA trust held by PAL Ventures in their roles as officers, directors, members, managers and/or principals of Pal Ventures.

Defendants argue that the Court lacks subject matter-jurisdiction of the instant suit because Defendants (and PAL Ventures) are not a "commission merchant, dealer, or broker" as required for the PACA trust to apply.

PACA regulates the nation's produce industry, authorizing the Secretary of Agriculture to license those who deal in "[f]resh fruits and fresh vegetables of every kind and character." 7 U.S.C. § 499a(b)(4)(A). PACA provides that perishable agricultural commodities received by a licensed dealer, in addition to the proceeds from sales of those commodities, are held in trust for the benefit of unpaid suppliers until full payment is made. 7 U.S.C. § 499e(c)(2). This trust is automatically created when a commission merchant, dealer, or broker accepts the goods as long as the supplier complies with specific notice requirements. *See Greg Orchards & Produce, Inc. v. Roncone*, 180 F.3d 888, 890-91 (7th Cir. 1999). Both the corporation and its controlling officers may be liable under PACA for breach of their fiduciary duty to preserve the trust funds. *See Patterson Frozen Foods, Inc. v. Crown Foods Intl., Inc.*, 307 F.3d 666, 669 (7th Cir. 2002) (*Patterson*). The purposes of PACA include: (1) the protection of small produce dealers who require prompt payment to survive and (2) ensuring financial stability of the entire produce industry. *See Patterson*, 307 F.3d at 669.

PACA provides that "district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust . . . ." 7 U.S.C. § 499(e)(5). A PACA trust is created through Section 499(c)(2), which provides, in pertinent part:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). Thus, subject-matter jurisdiction under PACA is predicated on the existence of a valid PACA trust, which arises when a commission merchant, dealer, or broker receives and accepts perishable agricultural commodities. *See* 7 U.S.C. § 499e; *A & J Produce Corp. v. Chang*, 385 F. Supp. 2d 354, 358 (S.D.N.Y. 2005) (*Chang*); *Bandwagon Brokerage, Inc. v. Mafolie Foods, Co.*, 168 F. Supp. 2d 506, 509 (D.V.I. 2001) (*Bandwagon*).

Plaintiffs first argue that existence of a PACA trust was fully litigated in Case No. 04 C 1848; thus, subject-matter jurisdiction exists for Plaintiffs to enforce payment from the trust. Plaintiffs' argument is, essentially, that Defendants are collaterally estopped from contesting the existence of the PACA trust based on the judgment in Case No. 04 C 1848. A party is collaterally estopped from re-litigating an issue if four requirements are met: (1) the issue is the same as that involved in the prior action, (2) the issue was actually litigated, (3) the determination of the issue was essential to

4

final judgment, and (4) the party against whom estoppel is invoked was fully represented in the prior action. *See Chicago Truck Drivers, Helpers & Warehouse Union Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997).

Defendants are not collaterally estopped from contesting subject-matter jurisdiction (whether a PACA trust existed) because Defendants were not fully represented in the prior action because they were voluntarily dismissed before judgment was entered by stipulation. Furthermore, the issue of the court's subject matter may generally be raised at any time in the litigation and may be raised on the court's own motion. *See Kontrick v. Ryan*, 540 U.S. 443, 444 (2004); *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 950 (2006).

Plaintiffs allege "upon information and belief" that Defendants were "principals and controlling persons of dealers and commission merchants and subject to the PACA" and that Defendants were "dealers and commission merchants subject to the PACA."

PACA defines a "commission merchant" as "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(5). Plaintiffs present no argument or evidence that Defendants received perishable agricultural commodities for resale on behalf of another or that they were controlling persons of an entity engaged in the receipt of perishable agricultural commodities for resale on behalf of another.

PACA defines a "dealer" as:

> any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered as a "dealer" in respect to sales of any such commodity of his own raising; (B) no person buying any

> such commodity solely for sale at retail shall be considered as a "dealer" until the invoice cost of his purchase of perishable agricultural commodities in any calendar year are in excess of $230,000.... Any person not considered as a "dealer" under clauses (A), (B), or (C) may elect to secure a license under the provisions of section 449c of this title, and in such case and while the license is in effect such person shall be considered as a "dealer."

7 U.S.C. § 499a(6). "Wholesale or jobbing quantities" is defined by the Secretary of Agriculture as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).

Plaintiffs argue that because PAL Ventures has a PACA license, it is a dealer pursuant to the last sentence of Section 499(a)(6). The *Bandwagon* court rejected this argument, finding that the license exception found in the last sentence does not negate the requirement that a party buy or sell in wholesale or jobbing quantities. *See Bandwagon*, 168 F. Supp. 2d at 510. However, this argument need not be considered further because Plaintiffs have sufficiently demonstrated that PAL Ventures bought produce in wholesale or jobbing quantities. In response to Defendants' motion, Plaintiffs include the affidavit of Anton Marano, President of Anthony Marano Company, in which Marano avers, with supporting documentation, that Plaintiffs sold produce to PAL Ventures in aggregate quantities that weighed more than one ton on several days and that PAL Ventures purchased more than $230,000 in the 2002 and 2003 calendar years. Thus, even assuming that PAL

Ventures' license alone is insufficient to confer jurisdiction, Plaintiffs have demonstrated that PAL Ventures is a "dealer" and the existence of a PACA trust. Accordingly, this Court has subject-matter jurisdiction over the instant suit.[1]

Defendants also seek partial summary judgment. Defendants filed a memorandum in support of their Motion for Partial Summary Judgment but did not file a statement of material facts, as required by Local Rule 56.1(a)(3). Defendants filed over 200 pages of exhibits in conjunction with their motion.

Local Rule 56.1(a) requires a party moving for summary judgment to include "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1(a). The statement of material facts must be organized by "short numbered paragraphs"; and each paragraph must contain "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts in that paragraph." L.R. 56.1(a). "Failure to submit such a statement constitutes grounds for denial of the motion." L.R. 56.1(a).

The district court is entitled to strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). Failure

---

[1] Defendants also argue that they were not in a position to control PAL Ventures; therefore, the Court lacks jurisdiction. However, this argument goes to the merits of Plaintiffs' claims, not jurisdiction.

7

to comply with Rule 56.1(a)(3) constitutes grounds for denial of the motion for summary judgment. L.R. 56.1(a)(3); *Reynolds v. Claridge Hotel, Inc.*, 2003 WL 22299026 (N.D. Ill. Oct. 6, 2003) (denying motion for summary judgment because party did not comply with Local Rule 56.1(a)(3)); *Ryerson & Son, Inc. v. Plastech Eng. Prod., Inc.*, 2003 WL 21659684 (N.D. Ill. July 15, 2003).

In light of the significant factual basis for the motion for summary judgment, evidence by several lengthy exhibits, and the Defendants' failure to comply with Local Rule 56.1(a)(3), Defendants' Motion for Partial Summary Judgment is denied.

For the foregoing reasons, Defendants' Motion to Dismiss and Motion for Partial Summary Judgment are denied.

Dated: January 24, 2007

JOHN W. DARRAH
United States District Court Judge